UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN M. FIFE                                                                                          PLAINTIFF

v.                                                                   CIVIL ACTION NO. 5:06cv00042-DCB-JMR

POLARIS INDUSTRIES INC., AND
ROAD AND TRACK POWERSPORTS OF
BROOKHAVEN LLC                                                                                   DEFENDANTS

## POLARIS INDUSTRIES INC.'S ANSWER AND DEFENSES

Defendant Polaris Industries Inc. ("Polaris"), for itself and for no other Defendant, by and through its counsel, responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE - ANSWER

Polaris denies each and every allegation of the Complaint, except those allegations which are hereinafter specifically admitted, qualified or otherwise answered.

1.      Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in section I.

2.      As to section II of the Complaint, Polaris admits that it is a Delaware corporation, doing business in Mississippi, and may be served with process by service upon its registered agent, Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19801. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this section.

3.      As to section III of the Complaint, Polaris admits that it designs in part, manufactures in part, distributes, markets and sells four-wheeled all-terrain vehicles ("ATVs"), including the subject 2004 Sportsman 700 EFI ATV (VIN 4XACH68A14A305391). Polaris

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this section.

4. As to section IV of the Complaint, Polaris admits that it does business in Mississippi. Polaris lacks information sufficient to form a belief as to the truth of the remaining allegations in this section.

5. As to section V of the Complaint, Polaris denies that the subject ATV is defective and unreasonably dangerous and denies that any defect "caused or contributed to the accident." Polaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these sections.

6. Polaris denies the allegations in sections VI and VII of the Complaint.

7. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in section VIII of the Complaint.

8. Polaris denies the allegations in sections IX, X, XI, XII and XIII of the Complaint.

9. The allegations in section XIV of the Complaint are directed to some other defendant and, therefore, no response is required by Polaris.

10. Polaris denies the allegations in sections XV and XVI of the Complaint.

11. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in section XVII of the Complaint.

## SECOND DEFENSE

Plaintiff's own negligence was the sole proximate cause, or a contributing proximate cause, of the accident and alleged injuries.

**THIRD DEFENSE**

The sole proximate cause or contributing proximate cause of the accident and Plaintiff's alleged injuries and damages were the acts or omissions of third persons over whom this defendant exercised no control and for whose conduct this defendant bears no responsibility.

**FOURTH DEFENSE**

Plaintiff's alleged injuries and damages resulted, in whole or in part, from the culpable conduct of the Plaintiff and/or third parties, and not from any negligence or breach of legal duty on the part of this defendant.  Alternatively, this defendant is entitled to a comparative apportionment of responsibility, fault or causation as to the Plaintiff, other defendants, including settling defendants, and third parties pursuant to Miss. Code Ann. § 85-5-7.  Further, this defendant is entitled to a credit, pro rata reduction or percentage reduction for any amounts paid by settling defendants or third parties.

**FIFTH DEFENSE**

Polaris cannot be liable for failure to warn, failure to provide instructions, or otherwise, concerning alleged risks associated with the product's use, since any such risks were not reasonably foreseeable or otherwise discoverable by reasonable testing or other means prior to marketing.

**SIXTH DEFENSE**

Alternatively, Plaintiff's failure to warn claim must fail because the alleged danger was open and obvious.

**SEVENTH DEFENSE**

Polaris affirmatively pleads all rights and defenses provided by Miss. Code Ann. §11-1-63.

**EIGHTH DEFENSE**

Miss. Code Ann. §11-1-63 provides Plaintiff's exclusive remedy, if any, and to the extent Plaintiff asserts causes of action not included therein, his Complaint fails to state a claim upon which relief can be granted, and all such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**NINTH DEFENSE**

There is no post sale duty to warn or recall under Mississippi law, and to the extent Plaintiff asserts such claims, his Complaint fails to state a claim upon which relief can be granted, and all such claims should be dismissed pursuant to M.R.C.P. 12(b)(6).

**TENTH DEFENSE**

The subject vehicle was marketed, distributed, and sold in compliance with all applicable standards, codes, regulations and state of the art.

**ELEVENTH DEFENSE**

Plaintiff's warranty claims are barred because proper notice was not given under the Mississippi Uniform Commercial Code and because the statute of limitations for warranty claims may have lapsed.

**TWELFTH DEFENSE**

Plaintiff failed to follow certain substantive and procedural requirements of the Polaris Limited Warranty, and such failure voids the warranty.  Polaris expressly reserves the right to invoke the substantive and procedural provisions of the Limited Warranty.

**THIRTEENTH DEFENSE**

Plaintiff's claim for punitive damages is in contravention of Polaris' rights under each of the following constitutional provisions:

a.  the Commerce Clause of Article I, Section 8 of the United States Constitution;

b.  the Contracts Clause of Article I, Section 10 of the United States Constitution;

c.  the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

d.  the Supremacy Clause of Article VI of the United States Constitution;

e.  the Free Speech Clause of the First Amendment of the United States Constitution;

f.  the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.  the Takings Clause of the Fifth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

h.  the Right of Counsel of the Sixth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

i.  The Excessive Fines Clause of the Eighth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

j.  the right to Trial by Jury contained in Seventh Amendment of the United States Constitution;

k.  the Equal Protection Clause of the Fourteenth Amendment;

l.  Due process clause of the Mississippi Constitution;

### FOURTEENTH DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against this Defendant would be unconstitutionally vague and/or overly broad.

### FIFTEENTH DEFENSE

No act or omission of Polaris was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### SIXTEENTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Polaris specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and its progeny.

### SEVENTEENTH DEFENSE

Polaris incorporates herein by reference any defenses pled by any other party that would apply to it.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to state claim upon which relief can be granted.

### NINETEENTH DEFENSE

Plaintiff's causes of action may be barred in whole or in part by the applicable statue of limitations.

### TWENTIETH DEFENSE

Plaintiff's damages, if any, may have been caused by the misuse of the subject ATV.

## TWENTY-FIRST DEFENSE

The ATV may have been substantially altered or changed after it left the possession of Polaris.

## TWENTY-SECOND DEFENSE

Plaintiff failed to mitigate his damages, if any.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent he assumed the risk of injury.

## PRAYER OF RELIEF

WHEREFORE, Defendant Polaris Industries, Inc. denies that Plaintiff is entitled to any relief and respectfully requests judgment dismissing the Complaint with prejudice and awarding to Polaris the costs of the action and reasonably attorney fees as may be allowed by law, and such other and further relief as the Court deems just and appropriate.

Dated this 30th day of March, 2006.

    Respectfully submitted,

    POLARIS INDUSTRIES, INC.

By: /s/ Daniel P. Jordan III
    DANIEL P. JORDAN III (MSB #9595)

    ITS ATTORNEY

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
Post Office Box 22567
Jackson, Mississippi 39225-2567
T: (601) 948-5711
F: (601) 985-4500
E: dan.jordan@butlersnow.com

## CERTIFICATE OF SERVICE

I, Daniel P. Jordan III, one of the attorneys for Defendant Polaris Industries, Inc., do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ralph E. Chapman, Esq.
Chapman, Lewis & Swan
501 First Street
Post Office Box 428
Clarksdale, Mississippi  38614-0428

Allen L. Burrell, Esq.
DRAKE & BURRELL
P.O. Box 366
701 Mark Street
Port Gibson, Mississippi 39150

ATTORNEY FOR PLAINTIFFS

Joseph W. McDowell, Esq.
SHELL BUFORD
Post Office Box 157
Jackson, Mississippi 39205-0157

ATTORNEYS FOR DEFENDANT ROAD AND
TRACK POWERSPORTS OF BROOKHAVEN LLC

THIS, the 30th day of March, 2006.

                                      /s/ Daniel P. Jordan III
                                      DANIEL P. JORDAN III

Jackson 1317871v.1