```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

JOHN M. FIFE                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 5:06-cv-42(DCB)(JMR)

POLARIS INDUSTRIES, INC., and
ROAD AND TRACK POWERSPORTS OF
BROOKHAVEN, LLC                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff John M. Fife's Motion to Remand **(docket entry 7)**, on defendant Road and Track Powersports of Brookhaven, LLC's Motion to Dismiss **(docket entry 3)**, and on the plaintiff's motion to hold the motion to dismiss in abeyance **(docket entry 11)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This action was originally filed in the Circuit Court of Claiborne County, Mississippi, on February 3, 2006, by John M. Fife ("Fife") against Polaris Industries, Inc. ("Polaris"), a Delaware corporation with its principal place of business in Minnesota, and Road and Track Powersports of Brookhaven, LLC ("Road and Track"), a Mississippi limited liability company with its principal place of business in Mississippi. On March 23, 2006, Polaris removed the action to this Court. On March 24, 2006, Road and Track filed its motion to dismiss. On April 3, 2006, Fife filed his motion to remand.

The plaintiff's complaint alleges that he was injured on August 14, 2004, while riding a 2004 Sportsman 700 EFI Polaris all-terrain vehicle (ATV), and that his injuries were caused by "the design, manufacturing, marketing, distribution and sale of a product that was in a defective condition and was unreasonably dangerous for its intended or foreseeable use." Complaint, ¶ VII. Regarding defendant Road and Track, the complaint alleges

> that the Defendant, Road and Track Powersports of Brookhaven LLC, knew, or in the exercise of reasonable care, should and could have known that:
>
> a.  The subject model throttle system was dangerously defective and hazardous; and/or
>
> b.  Throttle systems substantially similar to the subject model had experienced unintended and/or prolonged acceleration;
>
> c.  Repairs of substantially similar throttle systems prior to the date of the accident should have caused this Defendant to warn the Plaintiff and others;
>
> d.  This defendant had access to information which would and should have been used to warn the Plaintiff of the dangerously defective throttle system.
>
> e.  This Defendant knew of the pending recall and of the delay in the recall and took no steps to warn the Plaintiff and others.

Complaint, ¶ XIV.

Polaris's notice of removal is based on the alleged fraudulent joinder of Road and Track which, if true, would establish diversity jurisdiction in federal court.[1]  Polaris acknowledges that

---

[1] The jurisdictional amount requirement of 28 U.S.C. § 1332(a) is met, in that the plaintiff's complaint seeks damages in excess

Mississippi's products liability law allows for liability of a seller with "actual or constructive knowledge of the defective condition of the product at the time [the seller] supplied the product." Notice of Removal, ¶ 13 (quoting Miss. Code Ann. § 11-1-63(h)). However, Polaris alleges:

> Road and Track had no knowledge of any defects or "pending recall" when it sold the subject ATV in June 2004. Polaris issued a Recall Bulletin to dealerships on August 31, 2004 pertaining to re-routing of the throttle cable of certain models of the 2004 Sportsman 700 EFI. See Technical Service Bulletin ATV-04-05A (attached as Exhibit "B"). That Recall Bulletin was distributed <u>after</u> the sale of the ATV and after the subject August 14, 2004, accident.

Notice of Removal, ¶ 13. Therefore, Polaris contends that Road and Track cannot be sued in its capacity as seller of the ATV, since Miss. Code Ann. § 11-1-63(h) is intended "to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." Notice of Removal, ¶ 14 (quoting Miss. Code Ann. § 11-1-63(h)). Similarly, Road and Track's motion to dismiss alleges that it is being sued as an innocent seller in contravention of Miss. Code Ann. § 11-1-63(h).

In his brief in support of his motion to remand, the plaintiff asserted that there were outstanding discovery requests dealing with Road and Track's knowledge of a defective condition. An Agreed Order was entered by the Court, allowing the remand-related

---

of $75,000, exclusive of interest and costs, and punitive damages of an unspecified amount.

discovery which was already on-going, and extending the time for completing the discovery until 30 days from June 12, 2006.  The plaintiff was allowed 14 days from the completion of discovery to supplement his motion to remand.  Agreed Order, p. 2.  On July 19, a "second re-notice" to take a Rule 30(b)(6) deposition of Road and Track was filed by the plaintiff, showing that the deposition was scheduled for July 25, 2006.

On August 25, 2006, Polaris filed its response to the plaintiff's motion to remand.  Polaris states that Road and Track had no actual or constructive knowledge of any throttle issues on the 2004 Polaris Sportsman 700 EFI ATV, or any other Polaris ATV, at the time it sold the subject ATV to the plaintiff's father.  Defendant's Memorandum, p. 2.  Polaris also states that Road and Track did not alter or modify the subject ATV prior to the sale in any manner that could have caused the plaintiff's accident.  Id.

Included with Polaris's memorandum are excerpts from the deposition of Wayne Edward Brown, Road and Track's designated Rule 30(b)(6) witness, taken at the instance of the plaintiff on July 25, 2006.  Brown's deposition supports Polaris's allegations that Road and Track had no knowledge of any throttle issues until after the plaintiff's accident.  The deposition also details the modifications Road and Track made to the subject ATV, such as changing the oil and replacing the tires, none of which could have contributed to the accident.  Brown Depo., pp. 12-13, 18-21, 40-42,

45, 61.

The plaintiff has neither filed a rebuttal to Polaris's response nor supplemented his motion to remand.  For the foregoing reasons, the Court concludes that the plaintiff has no reasonable possibility of recovery against Road and Track, an innocent seller under Miss. Code Ann. § 11-61-3(h), whose citizenship is to be disregarded, with the result that this Court has jurisdiction over this cause based on diversity of citizenship.  The plaintiff's motion to remand shall be denied, and Road and Track's motion to dismiss shall be granted.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff John M. Fife's Motion to Remand **(docket entry 7)** is DENIED;

FURTHER ORDERED that defendant Road and Track Powersports of Brookhaven, LLC's Motion to Dismiss **(docket entry 3)**, is GRANTED;

FURTHER ORDERED that defendant Road and Track Powersports of Brookhaven, LLC, is hereby DISMISSED from this action with prejudice;

FURTHER ORDERED that the plaintiff's motion to hold the motion to dismiss in abeyance **(docket entry 11)** is MOOT.

SO ORDERED, this the 15th day of February, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE