IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JOHN M. FIFE                                    PLAINTIFF

VS.                      CIVIL ACTION NO. 5:06-cv-42(DCB)(JMR)

POLARIS INDUSTRIES, INC.                        DEFENDANT


ORDER

        This cause is before the Court on the plaintiff John M. Fife's
Motion in Limine on Certain Information in Medical Records **(docket
entry 46)**.  Having carefully considered the motion and response,
the memoranda and the applicable law, and being fully advised in
the premises, the Court finds as follows:

        The plaintiff's complaint alleges that he was injured on
August 14, 2004, while riding a 2004 Sportsman 700 EFI Polaris all-
terrain vehicle (ATV), and that his injuries were caused by "the
design, manufacturing, marketing, distribution and sale of a
product that was in a defective condition and was unreasonably
dangerous for its intended or foreseeable use."  Complaint, ¶ VII.

        The plaintiff moves for an order (1) precluding all discovery
related to his alcohol and drug use before his ATV accident; and
(2) excluding any evidence at trial related to the drug and alcohol
information in his medical records.  The defendant contends that
the plaintiff's alcohol and drug use is "highly relevant" to the
claims and defenses at issue, specifically the plaintiff's
contributory negligence, and the reliability of his version of how

the wreck occurred.

Under Mississippi law, products liability actions established by Miss. Code Ann. § 11-1-63 are subject to comparative fault, with all questions of contributory negligence to be determined by the jury.  Miss. Code Ann. §§ 11-7-15, 11-7-17.  Evidence of the plaintiff's alcohol and drug use proximately before the accident is relevant to the causation issue, as well as to the plaintiff's ability to accurately recollect the events of the accident.  See Ballou v. Henri Studios, Inc., 656 F.2d 1147, 1155 (5th Cir. 1981); Alpha v. Hooper, 440 F.3d 670 (5th Cir. 2006).

The plaintiff seeks exclusion of the evidence on grounds that he was not legally intoxicated at the time blood samples were taken.  However, the Mississippi Supreme Court has commented that "it is a fact capable of judicial notice that consumption of even small quantities of alcohol may significantly, albeit 'imperceptibly,' impair reaction time." Allen v. Blanks, 384 So.2d 63, 67 (Miss. 1980).  Furthermore, "where split seconds are critical, even a slight impairment of reaction time may spell the difference between accident or no accident, between proximately contributing negligence or the lack of it." Id.  The plaintiff's argument is not well taken.

The plaintiff also claims patient-physician privilege under Mississippi law.  However, in this case the plaintiff voluntarily produced the medical records in question to the defendant.  A

voluntary disclosure of privileged information to a third party waives the privilege. <u>Allread v. City of Grenada</u>, 988 F.2d 1425, 1434 (5th Cir. 1993). The plaintiff's motion is therefore without merit. Accordingly,

IT IS HEREBY ORDERED that the plaintiff John M. Fife's Motion in Limine on Certain Information in Medical Records **(docket entry 46)** is DENIED.

SO ORDERED, this the  <u>15th</u> day of January, 2008.


<u>    s/ David Bramlette        </u>
UNITED STATES DISTRICT JUDGE